J-S02021-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| VICTOR D. STEELE | : | |
| | : | |
| Appellant | : | No. 936 MDA 2019 |

Appeal from the Judgment of Sentence Entered May 23, 2019
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0002119-2018

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| VICTOR D. STEELE | : | |
| | : | |
| Appellant | : | No. 937 MDA 2019 |

Appeal from the Judgment of Sentence Entered May 23, 2019
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004004-2018

BEFORE: BENDER, P.J.E., KING, J., and MUSMANNO, J.

MEMORANDUM BY KING, J.:                    **FILED JANUARY 22, 2020**

Appellant, Victor D. Steele, appeals from the judgment of sentence entered in the Dauphin County Court of Common Pleas, following his open guilty pleas to three counts of robbery, two counts of simple assault, and one count each of terroristic threats, disorderly conduct, and possession of drug paraphernalia (**see** 18 Pa.C.S.A. §§ 3701(a)(1)(ii), (iv), (v); 2701(a)(1), (3);

2706(a)(1); 5503(a)(1); 35 P.S. § 780-113(a)(32), respectively).  We affirm.

The relevant facts and procedural history of this case are as follows.  In April 2018, Appellant committed several robberies within twenty-four hours in Harrisburg.  The Commonwealth charged Appellant with multiple counts of robbery, simple assault, and related offenses at docket No. CP-22-CR-0002119-2018 ("docket 2119-2018") and docket No. CP-22-CR-0004004-2018 ("docket 4004-2018").  On March 12, 2019, Appellant entered open guilty pleas at both docket numbers.

With the benefit of a pre-sentence investigation ("PSI") report, the court conducted Appellant's sentencing hearing on May 23, 2019.  At the conclusion of the hearing, the court sentenced Appellant to eight (8) to sixteen (16) years' imprisonment, plus a consecutive term of five (5) years of state probation, at docket 2119-2018.  At docket 4004-2018, the court sentenced Appellant to two (2) to four (4) years' imprisonment, to run consecutive to the sentence at docket 2119-2018.  In sum, the court imposed an aggregate sentence of ten (10) to twenty (20) years' imprisonment, followed by five (5) years' state probation.

Appellant timely filed a post-sentence motion on May 31, 2019, claiming the court imposed an "unduly harsh" sentence "without considering [Appellant's] history and characteristics."  (Post-Sentence Motion, filed 5/31/19, at 1).  On June 3, 2019, the court denied post-sentence relief.

On June 7, 2019, Appellant timely filed separate notices of appeal at

each underlying docket. Upon application by Appellant, this Court consolidated the appeals. On June 11, 2019, the court ordered Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b). Appellant timely filed a Rule 1925(b) statement on June 18, 2019.

Appellant raises one issue for our review:

> WHETHER THE TRIAL COURT COMMITTED AN ABUSE OF DISCRETION WHEN IT SENTENCED [APPELLANT] TO AN AGGREGATE PERIOD OF INCARCERATION OF NOT LESS THAN TEN (10) YEARS TO NO MORE THAN TWENTY (20) YEARS AT A STATE CORRECTIONAL INSTITUTE?

(Appellant's Brief at 4).

Appellant argues the court imposed a sentence that is inconsistent with the protection of the public, the gravity of the offenses, and Appellant's rehabilitative needs. Appellant asserts the sentencing court failed to consider his personal history and circumstances, including his drug use at the time of the offenses. Appellant insists the court imposed a manifestly excessive sentence that is too severe a punishment. As presented, Appellant's challenge implicates the discretionary aspects of his sentence.[1] *See Commonwealth*

_____

[1] "[W]hile a guilty plea which includes sentence negotiation ordinarily precludes a defendant from contesting the validity of his…sentence other than to argue that the sentence is illegal or that the sentencing court did not have jurisdiction, open plea agreements are an exception in which a defendant will not be precluded from appealing the discretionary aspects of the sentence." *Commonwealth v. Tirado*, 870 A.2d 362, 365 n.5 (Pa.Super. 2005). "An 'open' plea agreement is one in which there is no negotiated sentence." *Id.*

***v. DiClaudio***, 210 A.3d 1070, 1074 (Pa.Super. 2019) (stating claim that sentence is manifestly excessive and not tailored to appellant's rehabilitative needs challenges discretionary aspects of sentencing).

Challenges to the discretionary aspects of sentencing do not entitle an appellant to an appeal as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa.Super. 2000). Prior to reaching the merits of a discretionary sentencing issue:

> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa.Super. 2006), *appeal denied*, 589 Pa. 727, 909 A.2d 303 (2006) (internal citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must also invoke the appellate court's jurisdiction by, *inter alia*, including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code. ***Commonwealth v. Mouzon***, 571 Pa. 419, 425-26, 812 A.2d 617, 621-22 (2002); Pa.R.A.P. 2119(f). "The determination of what

---

at 363 n.1. Here, Appellant's pleas were "open" as to sentencing, so he can challenge the discretionary aspects of his sentence.

constitutes a substantial question must be evaluated on a case-by-case basis."
***Commonwealth v. Anderson***, 830 A.2d 1013, 1018 (Pa.Super. 2003). A
substantial question exists "only when the appellant advances a colorable
argument that the sentencing judge's actions were either: (1) inconsistent
with a specific provision of the Sentencing Code; or (2) contrary to the
fundamental norms which underlie the sentencing process." ***Sierra, supra***
at 913 (quoting ***Commonwealth v. Brown***, 741 A.2d 726, 735 (Pa.Super.
1999) (*en banc*), *appeal denied*, 567 Pa. 755, 790 A.2d 1013 (2001)).

A claim that a sentence is manifestly excessive might raise a substantial
question if the appellant's Rule 2119(f) statement sufficiently articulates the
manner in which the sentence imposed violates a specific provision of the
Sentencing Code or the norms underlying the sentencing process. ***Mouzon,
supra*** at 435, 812 A.2d at 627. Nevertheless, as a general rule, "[a]n
allegation that a sentencing court 'failed to consider' or 'did not adequately
consider' certain factors does not raise a substantial question that the
sentence was inappropriate." ***Commonwealth v. Cruz-Centeno***, 668 A.2d
536, 545 (Pa.Super. 1995), *appeal denied*, 544 Pa. 653, 676 A.2d 1195
(1996) (quoting ***Commonwealth v. Urrutia***, 653 A.2d 706, 710 (Pa.Super.
1995), *appeal denied*, 541 Pa. 625, 661 A.2d 873 (1995)). ***See also
Commonwealth v. Kane***, 10 A.3d 327, 335-36 (Pa.Super. 2010), *appeal
denied*, 612 Pa. 689, 29 A.3d 796 (2011) (stating bald claim that sentencing
court "failed to consider" factors set forth in 42 Pa.C.S.A. 9721(b) does not

raise substantial question). Moreover, where the sentencing court had the benefit of a PSI report, the law presumes the court was aware of and weighed relevant information regarding a defendant's character along with mitigating statutory factors. *Tirado, supra* at 366 n.6.

Instantly, Appellant's post-sentence motion did not include his specific argument that the court imposed a manifestly excessive sentence, so that particular claim is waived. *See Commonwealth v. Griffin*, 65 A.3d 932 (Pa.Super. 2013), *appeal denied*, 621 Pa. 682, 76 A.3d 538 (2013) (explaining objections to discretionary aspects of sentence are waived if they are not raised at sentencing hearing or in timely filed post-sentence motion). Although Appellant properly preserved his claim that the court did not consider his personal history and circumstances, Appellant's claim does not raise a substantial question. *See Cruz-Centeno, supra*. Moreover, the court had the benefit of a PSI report. (*See* N.T. Sentencing Hearing, 5/23/19, at 2, 7.) Therefore, we can presume the court considered the relevant information and mitigating factors.

Further, the court explained its sentencing decision as follows:

> As is [the sentencing c]ourt's standard practice, it read the [PSI report] which provided the relevant background of Appellant. Additionally, at sentencing [the c]ourt allowed not only Appellant to speak on his behalf, but also Appellant's wife. Each of their statements were considered by [the c]ourt. However, they were simply not enough for [the c]ourt to depart so drastically from the sentencing guidelines by providing a sentence below the standard guideline, as defense counsel requested at sentencing. Appellant's counsel argued that [the] mitigating factors

were that Appellant suffered from diabetes and that he served as a caretaker for his wife, who at the time of sentencing suffered from cancer. In arriving at Appellant's sentence, [the c]ourt's main concern was rendering a sentence that was consistent with the protection of the public. The fact that Appellant was being sentenced for multiple charges of robbery was an immediate concern to [the c]ourt because of the concern for public safety. Additionally, one of the victims submitted a victim impact statement, which detailed how the incident affected her everyday life and her inability to lower her defenses for fear that this same situation could happen again. In considering these factors along with Appellant's rehabilitative needs, we believe we provided the most appropriate sentence given the circumstances.

(Trial Court Opinion, filed August 6, 2019, at 3-4) (internal citation omitted).

Here, the record confirms the court properly balanced Appellant's circumstances with the severity of the offenses and the need to protect the public. Based upon the foregoing, Appellant is not entitled to relief on his challenge to the discretionary aspects of sentencing. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/22/2020